IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW S. WOODS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-CV-2933-SMY |
| | ) |
| MARUCHAN, INC., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Plaintiff Matthew S. Woods' Motion for Leave to Proceed *in forma pauperis* (Doc. 4), Motion for Service of Process at Government Expense (Doc. 5), and Motion for Recruitment of Counsel (Doc. 6).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Woods' jail records that he is indigent and cannot pay the $400.00 filing fee at this time (Doc. 4).

Additionally, 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This Court will also examine *sua sponte* the issue of federal subject matter

jurisdiction. *See*, *Foster v. Hill*, 497 F.3d 695, 696-697 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case").

Woods is an inmate at the Marion County Jail and an Illinois resident (Doc. 3, p. 4). Maruchan, Inc. is a California-based manufacturer, allegedly incorporated in the state of California, that produces ramen noodle soup (Doc. 3, p. 5). Woods alleges that in an effort to lose weight, he reviewed the nutritional facts on packages of Maruchan ramen noodle, determined that its caloric value could help him lose weight, and made it the "number one item [he] spent [his] money on" while in jail (Doc. 3, pp. 5-6). He further alleges that he gained weight because the amount of the calories was "false and misleading and does not add up to the propper [sic] amount of calories per container" (Doc. 3, p. 6). He asserts a violation of the California False Advertising Law and seeks $10,000 in damages (Doc. 3, pp. 4-5).

Federal Courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to its existence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Even assuming that there was complete geographic diversity between Woods and Maruchan, Inc., Woods seeks damages of only "$10,000" (Doc. 3, p. 5).[1] Given that the "sum claimed by the plaintiff controls" if made in good faith, the amount in controversy does not exceed

---

[1] Alternatively, Mr. Woods checks the box for "federal question" jurisdiction (Doc. 3, p. 4). To establish federal question jurisdiction, Mr. Woods must show either: (1) that a federal statute grants the court jurisdiction; or (2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1426-27 (7th Cir. 1992). Mr. Woods cannot establish federal jurisdiction because he is proceeding on a California state statute and cannot demonstrate that there is a uniquely federal interest in this litigation.

$75,000. Thus, Woods cannot establish federal diversity jurisdiction. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED** and the Complaint (Doc. 3) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. All pending motions are **TERMINATED as MOOT** and the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED: January 9, 2023**

**STACI M. YANDLE**
**United States District Judge**